# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal Action No. 4:11-CR-350 |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| **JAMES DIXON** | : | |

## MEMORANDUM

Presently before the court in the above-captioned matter is the motion to dismiss the indictment (Doc. 36), filed by defendant James Dixon ("Dixon") on February 19, 2013. The government filed a brief in opposition (Doc. 40) on February 20, 2013. This matter is scheduled for a non-jury trial on Wednesday, February 27, 2013.

### I. Factual History

On December 8, 2011, the grand jury returned a one count indictment against Dixon, charging him with committing assault on an correctional officer, in violation of 18 U.S.C. § 111. This charge arises from an event that allegedly occurred on June 21, 2010. According to the government, at approximately 9:53 a.m. of that morning, correctional officers at U.S.P. Allenwood observed inmates in Unit 2B chasing one another. Correctional Officer Sanders separated the inmates, and then ordered one of them – inmate Kevin Hickman – to place his hands on the railing. Hickman refused to comply, and when Officer Sanders attempted to restrain him, the two began to wrestle.

Correctional Officer James Bubb, the victim, had been assisting Officer Sanders. He attempted to provide assistance to Officer Sanders in his scuffle with Hickman, but inmate Oloyede Johnson hit him across the chest. James Dixon then allegedly grabbed Officer Bubb from behind and pulled him down to the floor. Inmate Johnson then kicked Officer Bubb while he was on the ground. Officer Bubb suffered injury to his left rib cage area and a bruise to his left bicep.

Four inmates received disciplinary sanctions for the incident – Dixon, Johnson, Hickman, and inmate Angelo Irving. Johnson, Hickman, and Irving are currently serving life sentences. According to Dixon, sweeps performed after the incident yielded a number of contraband weapons in the Unit. Inmate Marshaun Thomas, though he was not involved in the assault, was insolent towards Correctional Officers while they attempted to secure the scene. He was placed in Disciplinary Segregation, and a search of his cell 48 hours after the incident produced four inmate-made shanks. When searching the entire Unit after the incident, a corrections employee discovered in a trash can a bloody khaki shirt identified by its tag as belonging to Hickman, inside of which was a bloody white t-shirt and a seven-inch, folding, lock-back knife – a knife apparently smuggled into U.S.P. Allenwood.

Dixon is the only inmate involved in this kerfuffle to face charges. He claims that he is being selectively prosecuted because he refused to speak with the FBI about the lock-back knife.

**II. Discussion**

When there is probable cause to believe a defendant is guilty of an offense, "the decision whether or not to prosecute . . . generally rests in [the prosecutor's] discretion." Government of the Virgin Islands v. Charles, 72 F.3d 401, 409 (3d Cir. 1995). "To establish selective prosecution, the defendant must 'provide evidence that persons similarly situated have not been prosecuted' and that 'the decision to prosecute was made on the basis of an unjustifiable standard, such as race, religion, or some other arbitrary factor.'" United States v. Taylor, 686 F.3d 182, 197 (3d Cir. 2012) (internal citation omitted). The burden of proof is borne by the defendant, and he must produce "'clear evidence' sufficient to overcome the presumption of regularity that attaches to decisions to prosecute." Id. (citing United States v. Armstrong, 517 U.S. 456, 464 (1996)). A defendant is not automatically entitled to an evidentiary hearing, and must first "present facts sufficient to create a reasonable doubt about the constitutionality of [his] prosecution resulting from selective prosecution." United States v. Webster, 162 F.3d 308, 334 (3d Cir. 1998) (internal quotation marks omitted; alteration in original). Nor is a defendant entitled to discovery; he must first produce "some evidence tending to show the existence of the essential elements of the defense, discriminatory effect and discriminatory intent." Taylor, 656 F.3d at 197 (internal citation omitted).

Notwithstanding his assertions of a "dirty cop" and a "traitor" in the midst of correctional personnel, (see Doc. 37 at 8, 9), Dixon has put forth no persuasive evidence that he was improperly selected for prosecution. His theory can be

3

summarized as follows: Dixon declined to speak to the FBI about the knife; he was then indicted, and thus far his remains the only indictment to arise out of the incident. *Post hoc ergo propter hoc*. But Dixon has produced no other evidence to support this assertion. He has not, for example, suggested that the FBI threatened to prosecute him if he refused to speak with them regarding the knife; nor has he suggested that other inmates were spared prosecution because they spoke to the FBI.

The three other inmates whom Dixon suggests should be prosecuted are differently situated than he: they are serving life sentences, whereas Dixon is set to be released in October 2013. As the government persuasively argues, the deterrent value of a criminal prosecution is diminished significantly when the inmate is already serving a life sentence. Nor is such a consideration an improper reason for exercising prosecutorial discretion, because "[a]n inmate's release date, unlike a ground such as race or religion, is not a suspect classification." United States v. Roberts, No. 4:CR-08-88, 2008 WL 3890409, at *9 (M.D. Pa. August 19, 2009).

Dixon carries a heavy burden to establish that he is the victim of a selective and vindictive prosecution, a burden that he has not carried. His motion to dismiss the indictment will therefore be dismissed. An appropriate order will issue

     S/ Christopher C. Conner  
     CHRISTOPHER C. CONNER  
     United States District Judge

Dated:     February 22, 2013

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | Criminal Action No. 4:11-CR-350 |
| : | |
| v. : | **(Judge Conner)** |
| : | |
| **JAMES DIXON** : | |

## **ORDER**

AND NOW, this 22nd day of February, 2013, upon consideration of the motion to dismiss the indictment (Doc. 36) filed by defendant James Dixon, and for the reasons discussed in the accompanying memorandum, it is hereby ORDERED that the motion is DENIED.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge