# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CRIMINAL NO. 4:11-CR-350 |
| | : | |
| v. | : | (Chief Judge Conner) |
| | : | |
| **JAMES DIXON,** | : | |
| | : | |
| **Defendant** | : | |

## **MEMORANDUM**

The court sentenced defendant James Dixon ("Dixon") to 120 months' imprisonment on August 28, 2013. (Doc. 54). Presently before the court is Dixon's *pro se* motion (Doc. 73) to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Dixon asserts that his attorney was ineffective in violation of the Sixth Amendment to the United States Constitution. For the reasons that follow, the court will deny Dixon's § 2255 motion.

**I.      Factual Background & Procedural History**

On December 8, 2011, a grand jury returned a one-count indictment charging Dixon with aiding and abetting an assault on a correctional officer in violation of 18 U.S.C. §§ 2, 111(a)(1), (b). (Doc. 1). Dixon entered a plea of not guilty on February 7, 2012. (Doc. 11). The court appointed Attorney Douglas B. Chester ("trial counsel") as counsel on his behalf. (Doc. 10).

Dixon waived his right to a jury trial and proceeded to a bench trial on February 27, 2013. (Docs. 31, 59). The government proffered evidence at trial demonstrating that Dixon wrapped Officer James Bubb ("Officer Bubb") in a bear hug and brought him to the floor during an altercation between inmates and prison staff. (Doc. 59 at 58:17-24). Another inmate, Oloyede Johnson ("Johnson"),

proceeded to punch and kick Officer Bubb. (Id. at 59:6-15). Officer Bubb sustained, *inter alia*, contusions on his upper left arm and chest. (Id. at 62:1-3, 80:11-18). The court found Dixon guilty of the crime of assault on a federal officer, resulting in bodily injury, in violation of 18 U.S.C. § 111(a) and 111(b). (Doc. 45 at 6).

The United States Probation Office conducted a presentence investigation and prepared a presentence report ("PSR") for Dixon, calculating a total offense level of 32 and a Guidelines range of 210 to 240 months' imprisonment. (PSR ¶ 46). The court adopted the findings contained in the PSR in their entirety at Dixon's sentencing hearing. (Doc. 56 at 3:5-7). Trial counsel presented mitigating evidence in support of a downward variance, emphasizing that Dixon's prior convictions brought his offense level to 32, despite the lack of serious injury to Officer Bubb and the brevity of the altercation. (Id. at 4:2-17, 5:23-7:21) The government remonstrated that Dixon's aggressive nature was evidenced by the video of the altercation and Dixon's criminal record. (Id. at 16:3-17:8, 17:16-19). After considering the salient 18 U.S.C. § 3553(a) factors, the court varied downward to impose a sentence of 120 months' imprisonment. (Doc. 54 at 2; Doc. 56 at 19:12-20:1).

Dixon filed a notice of appeal with the United States Court of Appeals for the Third Circuit on September 4, 2013. (Doc. 57). On January 7, 2015, the Third Circuit confirmed Dixon's conviction and sentence. United States v. Dixon, 596 F. App'x 61 (3d Cir. 2015) (nonprecedential); (Doc. 65). Dixon timely filed the instant motion (Doc. 73) to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Dixon's motion is fully briefed and ripe for disposition.

## II. Legal Standard

Under 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside, or correct the prisoner's sentence. 28 U.S.C. § 2255. Courts may afford relief under § 2255 on a number of grounds including, *inter alia*, "that the sentence was imposed in violation of the Constitution or the laws of the United States." 28 U.S.C. § 2255(a); see also R. GOVERNING § 2255 CASES R.1(a). The statute provides that, as a remedy for an unlawfully-imposed sentence, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). The court accepts the truth of the defendant's allegations when reviewing a § 2255 motion unless those allegations are "clearly frivolous based on the existing record." United States v. Booth, 432 F.3d 542, 545 (3d Cir. 2005). A court is required to hold an evidentiary hearing when the motion "allege[s] any facts warranting § 2255 relief that are not clearly resolved by the record." United States v. Tolliver, 800 F.3d 138, 141 (3d Cir. 2015) (quoting Booth, 432 F.3d at 546).

A collateral attack based on ineffective assistance of counsel is governed by the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984). To prevail on this claim, a petitioner must demonstrate, first, that trial counsel's representation fell below an objective level of reasonableness based on prevailing professional norms and, second, that the deficient representation was prejudicial. See id. at 687-88. Conclusory allegations are insufficient to entitle a petitioner to relief under § 2255. See United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000);

3

Sepulveda v. United States, 69 F. Supp. 2d 633, 639-40 (D.N.J. 1999) (citing Blackledge v. Allison, 431 U.S. 63 (1977)).

In determining whether counsel has satisfied the objective standard of reasonableness under the first prong, courts must be highly deferential toward counsel's conduct. Strickland, 466 U.S. at 689. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. See United States v. Gray, 878 F.2d 702, 710 (3d Cir. 1989). Only a "rare claim" of ineffectiveness of counsel should succeed "under the properly deferential standard to be applied in scrutinizing counsel's performance." Id. at 711 (citing Strickland, 466 U.S. at 689-90). Counsel will not be deemed ineffective for failing to raise a meritless claim. See United States v. Sanders, 165 F.3d 248, 253 (3d Cir. 1999).

To satisfy the prejudice prong, the petitioner must establish a reasonable probability that, but for counsel's errors, the outcome of the proceeding would have been different. See Strickland, 466 U.S. at 694. The district court need not conduct its analysis of the two prongs in a particular order or even address both prongs of the inquiry if the defendant makes an insufficient showing in one. See id. at 697; United States v. Lilly, 536 F.3d 190, 196 (3d Cir. 2008).

### III. Discussion

Dixon asserts three grounds in support of his request for § 2255 relief. Dixon argues that trial counsel was ineffective in the following respects: (1) by failing to move to dismiss the indictment pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(c)(1); (2) by failing to investigate and interview potential defense witnesses;

4

and (3) by failing to object to the court's definition of "bodily injury."  The court will address each ground *seriatim*.

### A. Failure to Move to Dismiss the Indictment

Dixon first claims that trial counsel rendered ineffective assistance by failing to move to dismiss the indictment pursuant to the Speedy Trial Act.  Dixon contends that his trial commenced more than seventy days after his first appearance, depriving him of his liberty interest.[1]  (Doc. 73 at 4).

Under the Speedy Trial Act, the court must commence a defendant's trial within seventy days of the filing of the indictment or the date the defendant appeared before a judicial officer of the court in which the charges are pending, whichever is later.  18 U.S.C. § 3161(c)(1).  Any delay resulting from a motion for continuance is excludable from this time period if the court "granted such continuance on the basis of [its] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  Id. § 3161(h)(7)(A).  District courts undertaking the "ends of justice" inquiry must consider a multitude of factors, including, *inter alia*, the likelihood that proceeding to trial will "result in a miscarriage of justice," id. § 3161(7)(B)(i); and the length of time necessary for counsel to adequately prepare for trial, id. § 3161(7)(B)(iv).  We may grant an "ends of justice" continuance "in appropriate circumstances to permit plea negotiations to continue."  United States v. Fields, 39

---

[1] Dixon filed a *pro se* motion to dismiss pursuant to the Speedy Trial Act. (Doc. 18).  The court dismissed the motion without prejudice to Dixon's right to file the motion through appointed counsel or at such time as Dixon elected to proceed *pro se*.  (Doc. 19).

5

F.3d 439, 445 (3d Cir. 1994); see United States v. Williams, 591 F. App'x 78, 85 (3d Cir. 2014) (nonprecedential).

Dixon's trial did not occur within seventy days of his first appearance due to legitimate continuances. Trial counsel requested continuances to prepare for trial and to engage in plea negotiations on five separate occasions, to wit:

- On March 20, 2012, when FCI Allenwood's visitation structure prevented trial counsel from adequately conferring with Dixon before trial (Doc. 16);
- On July 13, 2012, when Dixon's transfer to an institution in Florence, Colorado, inhibited trial counsel's ability to confer with Dixon (Doc. 20);
- On August 21, 2012, when Dixon's decision to go to trial required trial counsel to prepare numerous pretrial motions and conduct additional discovery (Doc. 22);
- On October 22, 2012, when Dixon's unexpected transfer back to Florence, Colorado and trial counsel's family emergency limited Dixon's and trial counsel's availability (Doc. 24);
- On December 21, 2012, when the government presented Dixon with a new plea agreement, and counsel requested time to consider the agreement (Doc. 26).

The court concluded on the first four occasions that the specifics of the case prevented trial counsel from reasonably and adequately preparing for trial. See 18 U.S.C. § 3161(7)(B)(iv); (Docs. 17, 21, 23, 25). The court allowed appropriate time for plea negotiations on the fifth occasion. See Fields, 39 F.3d at 445; (Doc. 27). The court properly excluded the delays caused by the continuances under these circumstances from its Speedy Trial Act calculations. See 18 U.S.C. § 3161(h)(7)(A). Trial counsel was not ineffective in failing to file a meritless motion to dismiss pursuant to the Speedy Trial Act. See Sanders, 165 F.3d at 253. The court accordingly finds no basis for relief on this ground.

6

## B.     Failure to Interview Potential Defense Witnesses

Dixon next claims that trial counsel rendered ineffective assistance by failing to interview two potential defense witnesses, Marcellu Irving Angelo, Jr. ("Angelo") and Johnson. (Doc. 73 at 5). Dixon submits that Angelo and Johnson were willing to testify that they did not see Dixon punch or kick Officer Bubb. (Doc. 83 at 3). Dixon avers that had trial counsel interviewed Angelo and Johnson, they would have proffered favorable testimony at trial. (Doc. 73 at 5; Doc. 83 at 3).

Trial counsel is obligated to conduct a "reasonable" investigation and is not required to investigate all information provided by the defendant or all potential theories of the case. Lewis v. Mazurkiewicz, 915 F.2d 106, 111 (3d Cir. 1990) (quoting Strickland, 466 U.S. at 691); see also Williams v. Taylor, 529 U.S. 362, 390-91 (2000). We consider a number of factors in determining whether counsel's alleged failure to investigate is constitutionally deficient, to wit: (1) the nature of the evidence cited by the movant; (2) the amount of knowledge the attorney has concerning the evidence; (3) the client's role in any decision not to investigate the evidence; (4) the difficulty of performing any attendant investigation; and (5) the nature and quality of trial counsel's strategy. McGahee v. United States, 570 F. Supp. 2d 723, 732-35 (E.D. Pa. 2008), aff'd, 370 F. App'x 274 (3d Cir. 2010).

Trial counsel successfully secured Angelo's and Johnson's testimony for trial, (Doc. 35), but ultimately decided not to call them as witnesses. Trial counsel anticipated that Angelo and Johnson would testify that neither saw Dixon punch or kick Officer Bubb. (Doc. 34 ¶¶ 8-9). The record therefore indicates that trial counsel conducted a reasonable investigation concerning these potential defense witnesses.

7

See Strickland, 466 U.S. at 691; Mazurkiewicz, 915 F.2d at 111.  The court finds that trial counsel's actions falls within the acceptable range of reasonable conduct.

Assuming *arguendo* that trial counsel was ineffective in failing to call Angelo and Johnson to the stand at trial, Dixon did not suffer prejudice.  The video evidence adduced at Dixon's trial acted as an alternative to witness testimony describing the altercation caught on camera, and the assault is clearly depicted on camera.  (See Doc. 59 at 58:2-59:20, 73:11-23).  Dixon has not demonstrated that the outcome of the trial would have been different had Angelo and Johnson offered duplicative evidence.  See Strickland, 466 U.S. at 694.  The court finds that Dixon suffered no prejudice from trial counsel's decision not to advance Angelo's and Johnson's testimony at trial.  Dixon's ground for relief consequently fails.

### C.     Failure to Object to the Court's Definition of "Bodily Injury"

Dixon also argues that trial counsel rendered ineffective assistance by failing to object when the court used 18 U.S.C. §§ 831(f)(5), 1365(h)(4), 1515(a)(5), and 1864(d)(2) to define "bodily injury."  (Doc. 73 at 6).  Congress defined bodily injury consistently throughout the criminal code.  See 18 U.S.C. §§ 831(f)(5), 1365(h)(4), 1515(a)(5), 1864(d)(2).  The court properly applied Title 18's definition to Dixon's charge under § 111 said title.  (Doc. 45 at 5).  An objection to the court's use of Title 18's definition of bodily injury would have been meritless.  See Sanders, 165 F.3d at 253.  Trial counsel was not ineffective when he failed to raise such an objection.

Dixon further avers that trial counsel provided him with a misleading definition of bodily injury which caused him to go to trial rather than accept a plea agreement.  (Doc. 73 at 6; Doc. 83 at 4).  A court may grant § 2255 relief when trial

8

counsel's ineffectiveness deprives the defendant of his ability to make an intelligent decision regarding a plea agreement. Hill v. Lockhart, 474 U.S. 52, 56 (1985); United States v. Day, 969 F.2d 39, 43 (3d Cir. 1992). The defendant's knowledge of his comparative sentence exposure is crucial to the decision of whether to accept a plea agreement or go to trial. Day, 969 F.2d at 43. Trial counsel's assistance is ineffective when a defendant is "seriously misled about his sentence exposure" and "the likelihood of his conviction is overwhelming." Id. at 44.

Trial counsel adequately informed Dixon of his relative sentencing exposure. In a letter dated March 22, 2012, trial counsel wrote to Dixon that "bodily injury" under 18 U.S.C. § 111(b) could be "interpreted by a jury as virtually any scuff, scrape, or bruise." (Doc. 82-1 at 1-2). Trial counsel described this definition—a paraphrase of the Title 18 definition ultimately used by the court—as "pretty deadly," discouraged Dixon from going to trial, and recommended that he accept the government's plea agreement. (Id. at 1). Trial counsel reiterated his recommendation in a letter dated December 11, 2012. (Id. at 8-9). This prophetic advice is incontrovertible; trial counsel did not seriously mislead Dixon about his sentence exposure. See Day, 969 F.2d at 44. Trial counsel provided reasonable assistance in outlining the risks of trial.

Dixon rejoins that trial counsel gave him a conflicting definition of bodily injury. (Doc. 83 at 5). Trial counsel did supply Dixon with a separate definition of bodily injury, specifically the sentencing enhancement definition under U.S.S.G. § 1B1.1, in a third letter dated January 23, 2013. (Doc. 82-1 at 11-12). But this letter

9

provided Dixon with information on his plea agreement only. (Id.) Trial counsel did not discuss Dixon's sentence exposure at trial and again recommended accepting said agreement. (Id. at 12). Trial counsel's letters collectively provided Dixon with adequate information to make an intelligent decision regarding a plea agreement. See Day, 969 F.2d at 43. The court finds no basis for concluding that the foregoing measures taken by trial counsel constituted ineffective assistance.

IV. **Conclusion**

The court will deny Dixon's motion (Doc. 73) to vacate, set aside, or correct his sentence pursuant to 18 U.S.C. § 2255. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated: May 4, 2017